Good morning, your honors. Thank you for the opportunity to review my appeals. These are two appeals that have been combined into one because they are very similar. In the first appeal, the adversary was for proceeding a removal of a quiet title case from state court to bankruptcy court. The main basis for the appeal is that the bankruptcy judge clearly erred in remanding the case to the basis that the trustee did not abandon the property and as such it was still part of the bankruptcy estate. My point of error here is that this was clear and erroneous based on the undisputed fact that the property had long been sold and was abandoned as a matter of law. In the second appeal, this was an adversary complaint for recovery of property under rule 7001. Again, similar to the point in appeal number one, the bankruptcy judge erred in ruling that the trustee had not abandoned the property and was in the real interest and despite it had unlawfully abandoned the property. The property investments. The erroneous order basically came that the property was still a part of bankruptcy estate because the trustee had not officially abandoned it, but the clear error is here that the record does demonstrate that the trustee did in fact on January 4th, 2020, abandon the case. The common denominator between these two appeals on the premise upon the same clear error of the bankruptcy judge resulted in abuse of discretion. Clearly the property was not part of the estate because there is a clear and convincing evidence of the record that suggests the property ceased to be part of the bankruptcy estate. And also the trustee filed a no distribution report in my bankruptcy case on January 4th, 2020 stating he abandoned the pending litigation rights to his commando. Because the trustee had not formally abandoned the property, the judge held me in hostage by maximizing my rights in these two adversaries and the erroneous judgment should be overturned. As relief, I request the judgment of both appeals be set aside and its two adversaries remanded back to the bankruptcy court with orders for assignment to a different judge due to the extreme prejudicial nature of this case. So this is the main and central issues in both cases. In a simple review of the record in this matter, I believe will demonstrate that the judge abuses discretion by ruling in a manner that he did. I would like to briefly note here that the judge, bankruptcy judge, Mr. Zerzullo, in this case is somewhat prejudicial toward me. This is the same bankruptcy judge who had previously lifted the automatic stay in a case that was another bankruptcy case that was my ex-wife's of which I was not a debtor, nor was my property listed in the schedules. And also I had previously complained to him about bankruptcy fraud to the Ninth Circuit, and this case number is 16-15-605-BZ, what I'm referring to. So in this regard, I believe bankruptcy judge is prejudicial toward me because I'm approach judicial complaints against this matter. I would like to briefly discuss the issues on appeal to further demonstrate the order committed by the bankruptcy judge. On appeal number one, the court heard in ruling that the appellant had no stand to bring a complaint. By dispute of fact of the lifted stay in the sale of the property sold to Magna Properties, the property was no longer a bankruptcy estate. Point number two, the court heard in ruling that the property was part of the bankruptcy estate. Again, the trustee had abandoned the property. Number three, the order of dismissal is an abuse of discretion because it is not supported by any finding of fact and conclusion of law. Judge was submissive and denied my rights by ruling without fact and conclusion of law in his rulings. Number four, the bankruptcy judge is required to recuse himself in his proceedings. The judge has committed bankruptcy fraud, lifted the stay of my ex-wife's case, which I was not a co-debtor, no was my property listed. The ruling was mailed to her and I was not aware of the ruling. This caused my property to be sold without giving me an opportunity to defend myself or my property. Number five, the judgment is void due to a process violation and clear error. Number six, the court heard in ruling that the notice of removal was untimely. The judge did not provide any support for the reason for untimeliness. I request the court evaluate these points and remind these two adversaries back to the judge, the bankruptcy court, to a different judge who will be fair and impartial. All of these matters constitute a reversible error, and I respectfully ask the court to review the court record and after due review to reverse both judgments and remand the case to the bankruptcy court as an order of accusal and an order of accusal for the bankruptcy judge. Thank you very much for the opportunity to present my appeal. Thank you very much. You've got some time left, which you can use after Mr. Nussbaum finishes if you choose to do so. Mr. Nussbaum, please go ahead. Your honors, I trusted the court as I reviewed the record in the briefing. I don't have anything specific at this point or in direct response to what was just stated by the appellant. Unless the court has any specific questions or issues they'd like addressed, I would waive the rest of my time. Okay, any questions from the panel? No. Okay, all right. Thank you very much. Mr. Solano, there's not much there for you to respond to, but you have 10 minutes left if you'd like to add something. No, thank you. I presented my case. Thank you very much. Okay, all right. Thank you very much, sir, and thank you, Mr. Nussbaum. The matter is submitted. You'll be getting a written decision in due course, Mr. Solano and Mr. Nussbaum. Thank you. Thank you, sir.
judges: Faris, Spraker, Gan